In the Matter of the Application of THE CITY OF NEW YORK, Appellant, for a Writ of Certiorari to S. FLETCHER ALLEN and Others, as Assessors of the Town of Cortlandt, County of Westchester and State of New York, Respondents.*

*Assessment for taxation of land in other counties taken for storage reservoirs by New York city.*

The original charter of the city of Greater New York (Laws of 1897, chap. 378, § 480, as amd. by Laws of 1900, chap. 463) provided as follows: "The lands heretofore taken or to be taken for storage, reservoirs, or for other constructions necessary for the introduction and maintenance of a sufficient supply of water in the city, * * * shall be assessed and taxed in the counties in

---

* This case and seven other cases in which writs were issued to Edgar A. Husted and others, assessors of the town of North Castle, Richard Mitchell and others, assessors of the town of South East, George E. Teed and others, assessors of the town of Somers, Matthew Meacle and others, assessors of the town of Mount Pleasant, Samuel H. Smith and others, assessors of the town of North Salem, Chauncey D. Griffin and others, assessors of the town of Yorktown, and Elbert Sloat and others, assessors of the town of Carmel, respectively, were decided together in this opinion.

which they are or may be located, in the manner prescribed by law, at the value of the lands exclusive of the aqueducts and the construction and works necessary for its purposes, provided that the assessed value of the said lands shall not exceed the assessed value of the lands in the immediate neighborhood thereof."

The revised charter (Laws of 1901, chap. 466, § 480) provides as follows: "The lands heretofore taken or to be taken for storage, reservoirs or for other constructions necessary for the introduction and maintenance of a sufficient supply of water in the city, or for the purpose of preventing contamination or pollution, shall be assessed and taxed in the counties in which they are or may be located, in the manner prescribed by law, exclusive of the aqueducts."

*Held*, that the Legislature intended by the amendment of 1901 to make liable to taxation in the counties in which they are situated all the lands taken by the city of New York for the maintenance of its water supply, including all construction and works thereon and excluding the aqueduct only from such taxation;

That the assessors should assess each parcel, keeping in mind the extent and nature of the constructions upon it, its relation to the water system of New York city in its entirety, its situation, the uses to which it is put, the approximate cost of reproduction, and then put upon it such a conservative and just value as in their judgment and conscience it warranted, and which would be in keeping with the valuations of other property on the same assessment roll.

APPEAL by the petitioner, The City of New York, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 2d day of August, 1904, dismissing a writ of certiorari theretofore issued upon the application of the petitioner, and also from a judgment in favor of the assessors of the town of Cortlandt, entered in said clerk's office on the 2d day of August, 1904, pursuant to said order.

*I. J. Beaudrias* [*John J. Delany* with him on the brief], for the appellant.

*Robert McCord*, for the respondents.

Order and judgment affirmed, with costs, on the opinion of Mr. Justice KEOGH at Special Term.

HIRSCHBERG, P. J., BARTLETT, WOODWARD, RICH and MILLER, JJ., concurred.

The following is the opinion delivered by Mr. Justice KEOGH at Special Term:

KEOGH, J.:

In 1866* the Legislature enacted a law which provided for the taxation of the lands acquired by the city of New York in the creation and maintenance of its system of water supply.

The provisions of this law were substantially re-enacted by the Consolidation Act,† and later by the charter of the greater city.‡ It is as follows: "The lands heretofore taken or to be taken for storage, reservoirs, or for other constructions necessary for the introduction and maintenance of a sufficient supply of water in the city, * * * shall be assessed and taxed in the counties in which they are or may be located, in the manner prescribed by law, at the value of the lands exclusive of the aqueducts and the construction and works necessary for its purposes, provided that the assessed value of the said lands shall not exceed the assessed value of the lands in the immediate neighborhood thereof."

The law of 1901§ amended this provision of the Greater New York charter as follows: "The lands heretofore taken or to be taken for storage, reservoirs, or for other constructions necessary for the introduction and maintenance of a sufficient supply of water in the city, or for the purpose of preventing contamination or pollution, shall be assessed and taxed in the counties in which they are or may be located, in the manner prescribed by law, exclusive of the aqueducts."

By this amendment the exemption from taxation of the constructions and works necessary for the purposes of the aqueduct was omitted. There is also omitted the clause which provided "that the assessed value of the said lands shall not exceed the assessed value of the lands in the immediate neighborhood thereof."

It must be plain that by this amendment the Legislature intended to make liable to taxation in the counties in which they are situated all the lands taken by the city of New York for the maintenance of its water supply, including all constructions and works thereon, and excluding the aqueducts only from such taxation.

This construction accords with the policy of the State as shown

---

* Laws of 1866, chap. 502.— [REP.

† Laws of 1882, chap. 410, § 361.— [REP.

‡ Laws of 1897, chap. 378, § 480, as amd. by Laws of 1900, chap. 463.— [REP.

§ Revised Greater N. Y. Charter (Laws of 1901, chap. 466), § 480.— [REP.

by the Tax Law of 1896,* by the provisions of which "all real property within this State, and all personal property situated or owned within this State, is taxable unless exempt from taxation by law."

In providing for exemptions it declares† that the property "of a municipal corporation of the State, held for a public use," is exempt from taxation, "except the portion of such property not within the corporation."

By the Tax Law of 1896, as well as by the striking and potent amendment of 1901, it was evidently the intention of the Legislature to establish an equitable basis for the taxation of property acquired by a municipality outside its municipal limits, and to restore for the purposes of taxation such property to the towns or municipalities in which it is situated.

Counsel to the corporation requests that the court set out a rule for the guidance of the assessors in the performance of their official duty. This is neither practicable nor necessary.

The unique character of the property to be assessed and its great value make the rule governing its assessment no different from that governing the assessment of other property.

The assessors should of course assess each parcel, keeping in mind the extent and nature of the constructions upon it, its relation to the water system of New York city in its entirety, its situation, the uses to which it is put, the approximate cost of reproduction, and then put upon it such a conservative and just value as in their judgment and conscience it warrants, and which will be in keeping with the valuations of other property on the same assessment roll.

I will sign orders in each case accordingly.

---

*Laws of 1896, chap. 908, § 3.— [REP.     † Id. § 4, subd. 3.— [REP.