testified, as a part of plaintiff's case. It is our duty under the Civil Practice Act (§ 106) to disregard the errors of the trial court, if a substantial right of a party is not affected. In this case we think that no substantial right of defendant, appellant, was affected by the admission of this testimony under the circumstances above set forth. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

WILLIAM A. HATRY, Respondent, v. D. PRICE & Co., INC., and Another, Appellants.— Judgment and order unanimously affirmed, with costs. No opinion. Present —Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

LULU BELLE HOUSMAN, Appellant, v. ELM PARK REALTY COMPANY and Others, Respondents.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

NELLIE HOVELL, Respondent, v. THE EVERGREENS, Appellant.— Final and interlocutory judgments and order confirming referee's report affirmed, with costs. No opinion. Kelly, P. J., Rich, Jaycox and Manning, JJ., concur; Young, J., dissents on the ground that the reception of evidence of former fires kindled by the superintendent or foreman of defendant was error, and that the court should have granted the request to charge at folio 692.

In the Matter of the Application of THE BROOKLYN EDISON COMPANY, INC., Respondent, for a Peremptory Order of Mandamus Directed to CHARLES L. CRAIG, Comptroller of the City of New York, and Others, Appellants.— Order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

In the Matter of the Application of THE CITY OF NEW YORK, Respondent, under Section 91 of the Railroad Law,* for a Determination as to the Manner in Which Two Bridges Carrying the Main Drive in Forest Park, over the Tracks of the Rockaway Beach Division and the Montauk Division of THE LONG ISLAND RAILROAD COMPANY, Appellant, Shall Be Altered or Changed. TRANSIT COMMISSION OF THE STATE OF NEW YORK, Respondent.— Final order and determination of Transit Commission of the State of New York unanimously affirmed, with costs to respondent city of New York. We are of opinion that the road or driveway crossing the railroad at the points in question is a public street, avenue, highway and road, within the intention of the Legislature and subject to the provisions of the Grade Crossing Act (Railroad Law, §§ 91–94).† Present — Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ.

In the Matter of the Application of THE CITY OF NEW YORK, Appellant, for a Writ of Certiorari Directed to DEDERICK H. KNAPP and Others, as Assessors of the Tax District Composed of the Town of Kent, Putnam County, New York, Respondents, for the Year 1916.— Final order unanimously affirmed, with costs. We think the learned Special Term made its valuations of the properties in question upon the correct theory, as laid down by Mr. Justice Keogh in *Matter of City of New York* v. *Allen* (106 App. Div. 262, 264). It did not, in our opinion, adopt or use in making such valuations the so-called net earning rule, which we do not approve. (*People ex rel. City of New York* v. *Keeler*, 205 App. Div. 467.) Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

*Amd. by Laws of 1921, chap. 698.— [REP.

†Amd. by Laws of 1921, chap. 698, and subsequent statutes.— [REP.